# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| CHARLES DRAKE and MARIO ALIANO, individually, and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br><br>    v.<br><br>DOCTOR'S ASSOCIATES, INC., a Florida Corporation,<br><br>      Defendant. | Case No. |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332(a), 1332(d), 1441 and 1446, Defendant Doctor's Associate's Inc. ("DAI") hereby provides notice of removal of this action from the Circuit Court of Cook County, Illinois, Chancery Division, to the United States District Court for the Northern District of Illinois, Eastern Division. In support of this Notice of Removal, DAI respectfully states as follows:

**I. THE STATE COURT ACTION.**

1. On August 18, 2017, Plaintiffs Charles Drake and Mario Aliano initiated this civil class action lawsuit against DAI in the Circuit Court of Cook County, Illinois, captioned *Drake, et al. v. Doctor's Associates, Inc.*, No. 2017 CH 11351 (the "State Court Action"). A copy of the complaint filed in the State Court Action is attached hereto as Exhibit 1.

2. DAI was served with a copy of the Summons and Complaint in the State Court Action on August 25, 2017. A copy of Plaintiffs' summons and proof of service is attached hereto as Exhibit 2.

3. This Notice of Removal is therefore timely filed under 28 U.S.C. § 1446(b)(1).

4. By their Complaint, Plaintiffs contend that DAI charges a $.01 tax per ounce on FUZE Fresh Brewed Unsweetened Tea fountain drinks at Cook County Subway restaurants in violation of the Cook County Sweetened Beverage Tax Ordinance, Sec. 74-851. (*See* Ex. 1, Compl. ¶¶ 3, 20-22, 27, 30.) More specifically, Plaintiffs allege that they requested and purchased self-service fountain drinks at the register, paid the sweetened beverage tax, walked over to the self-service fountain drink station and subsequently chose unsweetened iced tea for their beverage. (*See id.* at ¶¶ 25-35.) Because Plaintiffs alleged that they paid the Tax based on their stated choice of a self-service fountain drink but later changed their mind and selected an unsweetened beverage, Plaintiffs filed this putative class action on behalf of themselves and a class alleging that the imposition of the Tax is an unfair or deceptive practice in violation of the Illinois Consumer Fraud and Deceptive Trade Practices Act. (*See generally* Ex. 1.)

5. Plaintiffs seek, on behalf of themselves and a putative class, (i) "an injunction requiring Defendant to change the Subway stores' [point-of-sale] systems to properly assess the sweetened beverage tax," (ii) actual damages, and (iii) attorneys' fees and costs. (*See id.* at 9.)

## II. THIS COURT HAS SUBJECT MATTER JURISDICTION FURTHER TO 28 U.S.C. § 1332(a) and § 1332(d).

6. Under the federal removal statute, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

7. Here, removal is proper because this Court has diversity jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1332(a)(1) and § 1332(d)(2). *See Avila v. CitiMortgage, Inc.*, 801 F.3d 777, 781 n.3 (7th Cir. 2015) (recognizing that the district court had jurisdiction over a plaintiff's claims under both § 1332(a) and § 1332(d)).

### A. This Court has Traditional Diversity Jurisdiction over Plaintiffs' Claims Pursuant to 28 U.S.C. § 1332(a).

8. First, 28 U.S.C. § 1332(a) grants district courts original jurisdiction over "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs and is between . . . citizens of different states." 28 U.S.C. § 1332(a)(1).

9. Here, removal is proper because this Court has diversity jurisdiction over Plaintiffs' claims as both the diversity and amount-in-controversy requirements of 28 U.S.C. § 1332(a)(1) are satisfied.

10. Plaintiff Charles Drake is a citizen of Ohio.

11. Plaintiff Mario Aliano is a citizen of Illinois.

12. DAI, as noted in the Complaint, is a corporation existing "under the laws of Florida with its principal place of business located in Milford, Connecticut." (*Id.* at ¶ 7; *see also* Declaration of Steven J. Lawrence ("Lawrence Decl.") ¶ 2, attached hereto as Exhibit 3.)

13. Because both Plaintiffs are citizens of different states than DAI, the parties satisfy the diversity requirement of 28 U.S.C. § 1332(a)(1).

14. In determining whether the jurisdictional threshold amount of $75,000 is satisfied, the district court considers the totality of the relief sought, which "includes monetary damages, attorney's fees, and 'the cost a defendant incurs in complying with injunctive relief.'" *The Home Depot, Inc. v. Ricker*, No. 06-8006, 2006 WL 1727749, at *1 (7th Cir. May 22, 2006) (quoting *Tropp v. Western-Southern Life Ins. Co.*, 381 F.3d 591, 595 (7th Cir. 2004)).

15. As noted above, Plaintiffs seek, on behalf of themselves and the putative class, (i) "an injunction requiring Defendant to change the Subway stores' [point-of-sale] systems to properly assess the sweetened beverage tax," (ii) actual damages, and (iii) attorneys' fees and costs. (*See* Ex. 1 at 9.)

16. Each Plaintiff's alleged damages amount to $0.21. (*Id*. at ¶¶ 27-28, 30-31.)

17. The amount at issue for injunctive relief is equal to the cost required for the defendant to comply with the requested injunction. *See, e.g.*, *Synfuel Tech., Inc. v. DHL Express (USA), Inc.*, 463 F.3d 646, 652 (7th Cir. 2006) (recognizing that the Seventh Circuit considers the amount-in-controversy "from either party's perspective" and includes the cost of complying with the requested injunction). Relevant here, courts consider whether a defendant can alter the challenged conduct for an individual customer or if it must perform systemic changes for all customers. *See id.* ("The key jurisdictional issue in this case…is whether [defendant] could alter the . . . practice for an individual customer . . . or if it could comply with the proposed injunction only by undertaking a systemic change of its weighing and billing procedures, a change that would cost the same whether it was made for just one customer or every customer served by the company.").

18. By their Complaint, Plaintiffs seek the following injunctive relief: "an injunction requiring Defendant to change the Subway Stores' POS systems to properly assess the sweetened beverage tax." (*See* Ex. 1 at 9.)

19. This injunctive relief Plaintiffs seek here requests a fundamental change to the way that Subway restaurants charge for and dispense beverages. In each Subway restaurant, consumers purchase a cup they themselves fill with their desired beverage via a self-service fountain machine or iced tea carafe. (*See* Lawrence Decl. ¶ 7.) The Tax at issue is assessed at the point of sale of the cup (*i.e.*, prior to dispensing the beverage). (*See id*. ¶ 9.)

20. Notably, DAI *does not* control its franchisees' point-of-sale systems or their compliance with local taxes. The injunction sought, however, would nonetheless be imposed on

4

DAI and would require significant expense and undertaking. (*See id.* ¶ 5.) There are two measures necessary to implement Plaintiffs' sought injunctive relief.

21. First, because each Subway franchisee is responsible for both programming its point-of-sale systems and complying with all applicable tax laws, DAI would have to provide significant programming and/or training guidance to franchisees at each of the more-than-400 Subway locations in Cook County such that they can modify their respective point-of-sale systems, understand the details of the tax, and train their employees to ensure consumers are properly charged. (*See id.* ¶ 11.)

22. Second, and likewise, DAI would have to assist franchisees in developing, testing and implementing physical modifications to each store in Cook County to relocate the self-serve beverage station and iced tea carafes such that consumers could no longer serve themselves (and thus could no longer, as Plaintiffs did here, request a fountain drink and then change their mind and select an unsweetened tea *after* the tax had been imposed). Such a change would include, but is not limited to, the following for each of the more-than-400 Subway stores in Cook County: (i) purchase of behind the counter beverage dispenser; (ii) purchase of back room ice machine maker; (iii) removal of current equipment, counter and floor repair; (iv) relocation of electrical, water, drain and soda lines; and (v) purchase of new back counter for beverage dispenser. (*See id.* ¶ 13.)

23. As detailed in the accompanying Lawrence Declaration, these options would cost DAI more than $100,000 and $5,000,000, respectively, to implement. (*See id.* ¶¶ 12, 14.)

24. Thus, the cost of compliance for Plaintiffs' requested injunctive relief greatly exceeds the $75,000 jurisdictional minimum for diversity cases pursuant to 28 U.S.C. § 1332(a). Finally, Plaintiffs are seeking attorneys' fees further to ICFA which further evidences that over $75,000 is at issue.

25. Accordingly, both the diversity and amount in controversy prongs are satisfied and removal is therefore proper under 28 U.S.C. § 1441.

**B.     This Court also has Jurisdiction over Plaintiffs' Claims Pursuant to the Class Action Fairness Act.**

26. This Court also has diversity jurisdiction over Plaintiffs' claims pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2), which provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which—(A) any member of a class of plaintiffs is a citizen of a state different from any defendant . . . ."

27. First, the action is a "class action" for purposes of 28 U.S.C. § 1332(d)(2), as Plaintiffs brought the lawsuit on behalf of themselves and "All persons who purchased an unsweetened beverage from a Subway store in Cook County, Illinois, and were charged and paid a sweetened beverage tax" pursuant to 735 ILCS 5/2-801 *et seq*. *See Marshall v. H&R Block Tax Servs., Inc.*, 564 F.3d 826, 829 (7th Cir. 2009) ("the Illinois statute that authorizes class actions in Illinois, 735 ILCS 5/2-801 et seq., is similar to Rule 23 . . . .").[1]

28. Second, there is minimal diversity between members of the proposed class—including Plaintiffs Drake and Aliano—and DAI. As noted above, Plaintiffs are citizens of Ohio and Illinois, while DAI is a citizen of Florida and Connecticut. (*See* Para. 10-11, *supra*.) Because either Plaintiff is a citizen of a different state than DAI, the diversity threshold is met.

29. Third, as alleged by Plaintiffs and explained by DAI above, the total amount in controversy for all putative class members exceeds $5,000,000, exclusive of interests and costs. (*See* Para. 23, *supra*); *see also* 28 U.S.C. § 1332(d)(2).

---

[1] Additionally, Plaintiffs allege "that there are many thousands of people in the Class," far surpassing the 100-person requirement of 28 U.S.C. § 1332(d)(5)(B).

30. Accordingly, the Court also has jurisdiction over the class action pursuant to 28 U.S.C. § 1332(d) and removal is also proper further to 28 U.S.C. § 1441.

**III. ALL PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED.**

31. DAI was served on August 25, 2017. (*See* Ex. 2.) This Notice of Removal has thus been filed within thirty days of receipt of the summons and complaint by DAI, and is therefore timely pursuant to 28 U.S.C. § 1446(b)(1).

32. A copy of the Notice of Filing and Notice of Removal will be timely filed with the Clerk of the Circuit Court of Cook County, Illinois, and served on Plaintiffs' counsel pursuant to 28 U.S.C. § 1446(d).

33. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders received by DAI in the State Court Action (other than the summons and complaint) are attached hereto as Exhibit 4.

34. Venue is proper in this Court under 28 U.S.C. § 1446(a) because it is the district court of the United States for the district and division within which the State Court Action is pending. *See* 28 U.S.C. § 93(a)(1).

35. Based on the foregoing, this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1332(a), 1332(d) and 1441, and the claims may be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

**WHEREFORE**, Doctor's Associates, Inc. hereby removes this civil action to this Court.

Dated: September 22, 2017                      DOCTOR'S ASSOCIATES, INC.

By:  /s/ David S. Almeida

David S. Almeida
dalmeida@beneschlaw.com
Courtney C. Booth
cbooth@beneschlaw.com
Mark S. Eisen
meisen@beneschlaw.com
**BENESCH, FRIEDLANDER,
COPLAN & ARONOFF LLP**
333 West Wacker Drive, Suite 1900
Chicago, Illinois  60606
Telephone:  (312) 212-4949
Facsimile:  (312) 767-9192

*Attorneys for Doctor's Associates, Inc.*

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing was filed with the Clerk of the Court and that copies of the foregoing were sent by first-class U.S. mail, postage prepaid, on September 22, 2017, addressed to the following parties:

Thomas A. Zimmerman, Jr.
Sharon A. Harris
Matthew C. De Re
Nikolas J. Hagman
Maebetty Kiry
ZIMMERMAN LAW OFFICES, P.C.
77 West Washington Street, Suite 1220
Chicago, Illinois 60602

Attorneys for Plaintiffs Charles Drake & Mario Aliano

                                                     /s/ Courtney C. Booth