# EXHIBIT 1

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT – CHANCERY DIVISION

| | | |
|---|---|---|
| CHARLES DRAKE and MARIO ALIANO, individually, and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 2017CH11351 CALENDAR/ROOM 14 TIME 00:00 Class Action |
| DOCTOR'S ASSOCIATES, INC., a Florida corporation, | ) ) ) ) | |
| Defendant. | ) | Jury Trial Demanded |

## CLASS ACTION COMPLAINT

NOW COME Plaintiffs CHARLES DRAKE and MARIO ALIANO ("Plaintiffs"), individually, and on behalf of all others similarly situated, by and through counsel at ZIMMERMAN LAW OFFICES, P.C., and complain of Defendant DOCTOR'S ASSOCIATES, INC., a Florida corporation ("Defendant"), as follows:

### Nature of the Case

1. This is a class action brought on behalf of the class of persons defined herein (the "Class"), who were improperly charged the Cook County sweetened beverage tax by Subway stores on their retail purchases of unsweetened beverages in Cook County, Illinois.

2. The Cook County Sweetened Beverage Tax Ordinance imposes a tax at the rate of $0.01 per ounce on the retail sale of all sweetened beverages in Cook County, Illinois.

3. Notwithstanding the requirements in the Cook County Sweetened Beverage Tax Ordinance, Defendant charged Plaintiffs the sweetened beverage tax on their purchases of unsweetened tea, resulting in an unlawful tax charge. On information and belief, under the direction of Defendant, Subway retail stores are automatically and uniformly charging the sweetened

beverage tax on all purchases in fountain drink cups regardless of whether the consumer is purchasing a sweetened beverage in the cup.

4. Defendant's acts and omissions alleged herein violate the Illinois Consumer Fraud and Deceptive Trade Practices Act.

## The Parties

5. Plaintiff Charles Drake ("Plaintiff Drake") is a natural person residing in Ohio. Plaintiff Drake purchased an unsweetened tea beverage at a Subway store located in Cook County, Illinois.

6. Plaintiff Mario Aliano ("Plaintiff Aliano") is a natural person residing in Illinois. Plaintiff Aliano purchased an unsweetened tea beverage at a Subway store located in Cook County, Illinois.

7. Defendant Doctor's Associates, Inc. is a corporation organized under the laws of Florida with its principal place of business located in Milford, Connecticut. Defendant is the franchisor for all Subway retail stores.

## Jurisdiction and Venue

8. Jurisdiction over Defendant is proper under 735 ILCS 5/2-209(a)(1) (transaction of any business within this State), section 2-209(a)(7) (the making or performance of any contract or promise substantially connected with this State), section 2-209(b)(4) (corporation doing business within this State), and section 2-209(c) (any other basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States). 735 ILCS 5/2-209(a)(1), (a)(7), (b)(4), and (c).

9. Venue is proper in this County, pursuant to 735 ILCS 5/2-101, because this is the where the complained-of transactions occurred. Defendant is a private corporation and is doing business in this County. 735 ILCS 5/2-102(a).

2

## Cook County Sweetened Beverage Tax Ordinance

10. On November 10, 2016, the Cook County Board of Commissioners passed the Cook County Sweetened Beverage Tax Ordinance ("Ordinance").

11. The tax was adopted by the Cook County Board of Commissioners to decrease the consumption of sweetened beverages and encourage the adoption of healthy beverage options due to the link between such beverages and obesity, diabetes and other health conditions.

12. The Ordinance imposes a tax at the rate of $0.01 per ounce on the retail sale of all sweetened beverages in Cook County, Illinois.

13. The Ordinance was challenged by a lawsuit in the Circuit Court of Cook County, Illinois. On July 28, 2017, the Court granted the County's motion to dismiss the complaint without prejudice and dissolved the Temporary Restraining Order entered on June 30, 2017. Thus, the Ordinance and related regulations went into effect and the Cook County Department of Revenue set the first date of collection of the sweetened beverage tax as August 2, 2017.

14. The Ordinance defines "purchaser" as any person who purchases in a retail sale. Sec. 74-851. Plaintiffs and other consumers who purchased beverages at Subway stores in Cook County are "purchasers" under the Ordinance.

15. The Ordinance defines "retailer" as any person engaged in the business of selling sweetened beverages at retail in the County of Cook. Sec. 74-851. Because Subway stores sell sweetened beverages to purchasers in the County of Cook, they are "retailers" under the Ordinance.

16. The Ordinance defines "sweetened beverage" as any non-alcoholic beverage, carbonated or non-carbonated, which is intended for human consumption and contains any caloric sweetener or non-caloric sweetener, and is available for sale in a bottle or produced for sale through the use of syrup and/or powder. Sec. 74-851. The Ordinance further defines "caloric sweetener" to mean "any caloric substance used as an ingredient of a beverage, syrup, or powder that includes

3

sucrose, fructose, glucose and/or sugars. . . ." *Id.* The Ordinance defines "non-caloric sweetener" to mean "any non-caloric substance used as an ingredient of a beverage, syrup, or powder that includes aspartame, saccharin, stevia and/or sucralose. . . ." *Id.*

17. The sweetened beverage tax in the Ordinance only applies to "sweetened beverages"—*i.e.* a beverage that contains caloric or non-caloric sweeteners. *Id.*

### Defendant's Implementation of the Sweetened Beverage Tax

18. As the franchisor of all Subway retail stores, Defendant controls the retail payment systems of all Subway retail stores in Cook County, Illinois.

19. On information and belief, Defendant's franchise agreement requires all Subway retail stores to use a point-of-sale system ("Subway POS System") in connection with the franchisee's operation of the store in accordance with Defendant's requirements.

20. In addition to sodas and other sweetened beverages, Subway sells FUZE Fresh Brewed Unsweetened Tea ("Unsweetened Tea"), which can be purchased in fountain drink cups at Subway retail stores. The Unsweetened Tea does not contain any caloric or non-caloric sweeteners. The Unsweetened Tea is stored in carafes, which are separate from the fountain drink machines. Upon information and belief, the Unsweetened Tea is not sold in bottles or cans, and can only be purchased in fountain drink cups at Subway retail stores.

21. Because the Unsweetened Tea does not contain any caloric or non-caloric sweeteners, it is excluded from the sweetened beverage tax under the Ordinance. *See* Sec. 74-851 (definition of "sweetened beverage").

22. On information and belief, at the point-of-sale the Subway POS System automatically calculates and adds the sweetened beverage tax to retail purchases of beverages regardless of whether a sweetened or unsweetened beverage is being purchased in the cup.

4

23. Because the Subway retail stores must use the Subway POS System as a contractual term of being a franchisee, the sweetened beverage tax is improperly and uniformly charged to, and paid by, consumers who purchase the Unsweetened Tea beverages at Subway stores in Cook County, Illinois.

24. On information and belief, the local Subway retail stores cannot re-program their POS systems to correct the improper taxation, as the Subway POS System is programmed by Defendant and all product codes and taxation calculations are uniform for all Subway retail stores in Cook County.

### Facts Related to Plaintiffs

25. On August 10, 2017, Plaintiff Drake purchased an Unsweetened Tea at a Subway store in Cook County, Illinois. The beverage did not contain any caloric sweetener or non-caloric sweetener, as it was unsweetened iced tea. As such, Plaintiff Drake's fresh-brewed Unsweetened Tea purchase does not qualify as a sweetened beverage under the Ordinance.

26. The purchase price of Plaintiff Drake's Unsweetened Tea drink before tax was $1.69.

27. In addition to the sales tax, the Subway store charged Plaintiff Drake a $0.21 sweetened beverage tax on his Unsweetened Tea purchase.

28. Plaintiff Drake paid the $0.21 sweetened beverage tax as a condition of the sale and receipt of the product.

29. On August 14, 2017, Plaintiff Aliano purchased a meal at a Subway store in Cook County, Illinois, which included an Unsweetened Tea. The beverage did not contain any caloric or non-caloric sweetened, as it was unsweetened iced tea. As such, Plaintiff Aliano's fresh-brewed Unsweetened Tea purchase does not qualify as a sweetened beverage under the Ordinance.

5

30. In addition to the sales tax, the Subway store charged Plaintiff Aliano a $0.21 sweetened beverage tax on his Unsweetened Tea purchase.

31. Plaintiff Aliano paid the $0.21 sweetened beverage tax as a condition of the sale and receipt of the product.

32. On information and belief, the local Subway retail stores cannot control whether the sweetened beverage tax is charged on unsweetened beverages sold in their stores, as the Subway POS System is programmed by Defendant and the sweetened beverage tax is automatically applied by that uniform system to certain product codes in all Subway retail stores in Cook County.

33. As such, Plaintiffs and Class members were damaged by being improperly charged the sweetened beverage tax on beverages that are exempt from the tax.

34. Plaintiffs enjoy Subway's food and beverages, including Unsweetened Tea, and intend to patronize Defendant's stores in Cook County in the future. However, due to the fact that local Subway stores cannot control how the sweetened beverage tax is applied, Plaintiffs are unable to purchase Unsweetened Tea at Subway stores without being required to pay an unlawful sweetened beverage tax.

35. Accordingly, Plaintiffs seek injunctive relief to ensure that Defendant updates its Subway stores' POS systems to properly assess the sweetened beverage tax.

## Class Action Allegations

36. This action satisfies the prerequisites for maintenance as a class action set forth in 735 ILCS 5/2-801 *et seq.*, as set forth below.

37. *Class Definition.* Plaintiffs bring this action individually and on behalf of the following class of similarly situated persons (the "Class"), of which Plaintiffs are members:

> All persons who purchased an unsweetened beverage from a Subway store in Cook County, Illinois, and were charged and paid a sweetened beverage tax.

6

Excluded from the Class are: (1) Defendant, Defendant's agents, subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest, and those entities' current and former employees, officers, and directors; (2) the Judge to whom this case is assigned and the Judge's immediate family; (3) any person who executes and files a timely request for exclusion from the Class; (4) any persons who have had their claims in this matter finally adjudicated and/or otherwise released; and (5) the legal representatives, successors and assigns of any such excluded person. Plaintiffs hereby the right to amend the above class definition based on discovery and the proofs at trial.

38. *Numerosity.* The Class is so numerous that joinder of all members is impracticable. Plaintiffs believe that there are many thousands of people in the Class. This is based on the fact that there are eighty-one (81) Subway retail stores in Cook County,[1] and, on information and belief, Subway stores in Cook County sell hundreds of unsweetened beverages each day. The exact number and identity of Class members is unknown to Plaintiffs at this time and can be ascertained from Defendant's books and records or by other means.

39. *Commonality.* There are questions of fact or law common to the Class, which common questions predominate over any questions affecting only individual members including, *inter alia*, the following:

    a. whether Defendant's acts and omissions alleged herein constitute a violation of Chapter 2 of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1, *et seq.*;

    b. whether Defendant misrepresented that a sweetened beverage tax was owed on an unsweetened beverage purchased from a Subway store in Cook County, Illinois;

    c. whether Plaintiffs and the members of the Class have sustained damages and, if so, what is the proper measure of their damages; and

    d. whether Plaintiffs and the members of the Class are entitled to the relief sought, including attorney's fees.

40. *Adequacy.* The representative Plaintiffs will fairly and adequately protect the interest of the Class. Plaintiffs have retained the undersigned class counsel, who are competent and

---

[1] *See Subway Locations in Cook County, Illinois*, CITY-DATA, http://www.city-data.com/locations/Subway/Cook-County-IL-7.html.

7

experienced in the prosecution of complex and class action litigation. The interests of Plaintiffs are aligned with, and not antagonistic to, those of the Class.

41. *Appropriateness.* A class action is an appropriate method for the fair and efficient adjudication of this controversy. The common questions of law and fact enumerated above predominate over questions affecting only individual members of the Class. Also, the likelihood that individual members of the Class will prosecute separate actions is remote due to the extensive time and considerable expense necessary to conduct such litigation, especially in view of the relatively modest amount of monetary relief at issue for individual Class members.

## COUNT I
**(Violation of the Illinois Consumer Fraud and Deceptive Trade Practices Act)**

42. Plaintiffs repeat and reallege the allegations of Paragraphs 1 through 41 with the same force and effect as though fully set forth herein.

43. At all times relevant hereto, there was in full force and effect the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq.* ("ICFA").

44. Chapter 2 of the ICFA prohibits unfair or deceptive acts or practices used or employed in the conduct of any trade or commerce. See, 815 ILCS 505/2.

45. Defendant's practice of charging Plaintiffs and the Class a sweetened beverage tax on the purchase of unsweetened beverages, as alleged in detail *supra*, is an unfair and deceptive act or practice prohibited by Chapter 2 of the ICFA. See, 815 ILCS 505/2.

46. Defendant's conduct described herein created a likelihood of confusion or misunderstanding for Plaintiffs and the Class by misrepresenting the amount of tax owed on the purchase of unsweetened beverages as described herein, and therefore constitutes a deceptive act or practice under the ICFA.

47. Defendant's conduct described herein also constitutes a deceptive act or practice under the ICFA because it offends public policy; it is immoral, unethical, oppressive, and unscrupulous; and it causes substantial injury to consumers.

48. Defendant intended to deceive Plaintiffs and the Class, and intended to be unfair to Plaintiffs and the Class, by unlawfully charging a sweetened beverage tax on unsweetened beverages, as described herein.

49. Defendant intended that Plaintiffs and the Class rely on (a) Defendant's misrepresentation that a sweetened beverage tax was owed when purchasing an unsweetened beverage, and (b) Defendant's failing to disclose or notify Plaintiffs and the Class that no tax was due on the unsweetened beverage.

50. Plaintiffs and the Class relied on the misrepresentations and omissions to their detriment by paying the sweetened beverage tax on an unsweetened beverage.

51. The above-described deceptive and unfair acts and practices were used or employed in the conduct of trade or commerce—namely, the sale of goods to Plaintiffs and the Class.

52. As a direct and proximate result of the foregoing, Plaintiffs and the Class have been damaged in an amount to be determined at trial.

WHEREFORE, Plaintiffs pray for an Order as follows:

A. Finding that this action satisfies the prerequisites for maintenance as a class action set forth in 735 ILCS 5/2-801, *et seq.*, and certifying the Class defined herein;

B. Designating Plaintiffs as representatives of the Class and their undersigned counsel as Class Counsel;

C. Entering judgment in favor of Plaintiffs and the Class, and against Defendant;

D. Enter an injunction requiring Defendant to change the Subway stores' POS systems to properly assess the sweetened beverage tax;

E. Awarding Plaintiffs and Class members their actual damages, attorney's fees and costs, including interest thereon, as allowed or required by law; and

F. Granting all such further and other relief as the Court deems just and appropriate.

## JURY DEMAND

Plaintiffs demand a trial by jury on all counts so triable.

Plaintiffs CHARLES DRAKE and MARIO ALIANO, individually, and on behalf of all others similarly situated,

By: _____
Thomas A. Zimmerman, Jr.
*tom@attorneyzim.com*
Sharon A. Harris
*sharon@attorneyzim.com*
Matthew C. De Re
*matt@attorneyzim.com*
Nickolas J. Hagman
*nick@attorneyzim.com*
Maebetty Kirby
*maebetty@attorneyzim.com*
ZIMMERMAN LAW OFFICES, P.C.
77 West Washington Street, Suite 1220
Chicago, Illinois 60602
(312) 440-0020
Firm I.D. No. 34418
www.attorneyzim.com

Counsel for Plaintiffs and the putative Class