# EXHIBIT 3

## DECLARATION OF STEVEN J. LAWRENCE

I, Steven J. Lawrence, declare, under penalty of perjury, that I am of legal age and sound mind and, based upon personal knowledge, due investigation and review of pertinent information, that the following facts are true and correct to the best of my knowledge, information and belief.

1. I am the Point of Sale Program Manager at Franchise World Headquarters, LLC, which provides corporate services to DAI. I have held this position since 2011.

2. DAI is a Florida corporation with its principal place of business in Milford, Connecticut.

3. I have reviewed the class action complaint in the matter titled *Drake, et al. v. Doctor's Associates, Inc.*, No. 2017 CH 11351, currently pending in the Chancery Division of the Circuit Court of Cook County, Illinois.

4. Through their Complaint, Plaintiffs allege that they each visited a Subway location in Cook County in August of this year. Plaintiffs further allege that they requested at the point of sale and subsequently purchased a self-service fountain drink, which was taxed $.01 per ounce further to the recently enacted Cook County Unsweetened Beverage Tax. Plaintiffs, in turn, allege that subsequent to their purchasing decision, they elected to fill their fountain drink cup at a self-service fountain station with FUZE Fresh Brewed Unsweetened Tea, an unsweetened beverage which, they contend, should not be subject to the Soda Tax. (Compl. ¶¶ 25, 29.)

5. Among other things, it is my understanding that Plaintiffs seek "an injunction requiring [DAI] to change the Subway stores' POS systems to properly assess the sweetened beverage tax." (Compl. at 9.) Though DAI does not control programming of franchisee point-of-sale systems or franchisees' compliance with tax laws, the relief Plaintiffs seek would impose the burden of complying with injunctive relief on DAI.

6. Apart from unsweetened iced tea—and, without conceding that unsweetened tea constitutes an unsweetened beverage under the Cook County ordinance—Subway stores offer certain unsweetened beverages (water and/or seltzer water) at the fountain beverage station.

7. The fountain beverage station and iced tea carafes are self-service. In other words, customers purchase a fountain cup that they can subsequently fill with the drink of their choice (or mix any variety of drinks, *i.e.*, half sweetened and half unsweetened tea).

8. An image of the fountain beverage station and iced tea carafes from the Cook County Subway location at 1525 W Madison Street is attached hereto as Exhibit A. It is my understanding, having reviewed the receipts at issue, that this is the store Plaintiff Aliano visited.

9. It is my understanding that the tax on the purchased beverage is based on the customer's request to purchase a fountain drink and assessed at the point-of-sale of the cup.

10. There are two methods DAI would have to undertake to comply with Plaintiffs' requested injunctive relief to ensure that no sweetened beverage tax is charged on an unsweetened beverage.

11. First, because each Subway franchisee is responsible for both programming its point-of-sale systems and complying with all applicable tax laws, DAI would have to provide significant programming and/or training guidance to franchisees such that they can modify their respective point-of-sale systems, understand the details of the tax, and train their employees to ensure consumers are properly charged. This would have to be done at each of the 400-plus locations in Cook County.

12. The cost of creating and implementing the above—not to mention the cost to the franchisees of implementing this policy at the staff level—would be well in excess of $100,000.

13. Second, DAI would have to assist franchisees in developing, testing and implementing a complete physical modification for each of the stores in Cook County to relocate the self-serve fountain beverage stations and iced tea carafes such that consumers could no longer serve themselves. Such a change would include, but is not limited to, the following for each of the Subway stores in Cook County: (i) purchase of behind the counter beverage dispenser; (ii) purchase of back room ice machine maker; (iii) removal of current equipment, counter and floor repair; (iv) relocation of electrical, water, drain and soda lines; and (v) purchase of new back counter for beverage dispenser.

14. The cost of creating and implementing these physical changes—again, not to mention the cost at the franchisee level—would be in excess of $5,000,000.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: September 19, 2017

Steven J. Lawrence

# EXHIBIT A

