# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CHARLES DRAKE and MARIO ALIANO, individually and on behalf of themselves and all others similarly situated, | )<br>)<br>)<br>) |
| Plaintiffs, | ) Case No. 1:17-cv-06850<br>)<br>) Hon. Judge Matthew F. Kennelly |
| v. | )<br>) Hon. Magistrate Judge Young B. Kim |
| DOCTOR'S ASSOCIATES, INC., | )<br>) |
| Defendant. | ) |

## DOCTOR'S ASSOCIATES, INC.'S OPPOSITION
## TO PLAINTIFF'S MOTION TO REMAND

David S. Almeida, Esq.
dalmeida@beneschlaw.com
Courtney C. Booth, Esq.
cbooth@beneschlaw.com
Mark S. Eisen, Esq.
meisen@beneschlaw.com
**BENESCH, FRIEDLANDER,
COPLAN & ARONOFF LLP**
333 West Wacker Drive, Suite 1900
Chicago, Illinois 60606
Telephone: (312) 212-4949
Facsimile: (312) 767-9192

*Counsel for Doctor's Associates, Inc.*

Doctor's Associates, Inc. ("DAI"), by and through its undersigned counsel, respectfully submits this Opposition to Plaintiff's Motion to Remand.

## PRELIMINARY STATEMENT

As the Supreme Court succinctly put it over 75 years ago:

> [E]vents occurring subsequent to removal which reduce the amount recoverable, whether beyond the plaintiff's control or the result of his volition, do not oust the district court's jurisdiction once it has attached.

*St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 293 (1938). This is, in sum, the basis of Plaintiffs' motion to remand—that a post-removal change in law has rendered the amount in controversy below the diversity threshold, depriving this Court of jurisdiction. Such post-removal occurrences do not affect removal, and Plaintiffs' motion should be denied out of hand.

Plaintiffs Charles Drake and Mario Aliano filed this case on August 18, 2017 after visiting Subway franchise locations, purchasing fountain drinks, paying the Cook County sweetened beverage tax and *then* intentionally filling their fountain cups with unsweetened iced tea. Plaintiffs seek, among other things, (i) $.21 in damages and (ii) injunctive relief requiring DAI to significantly alter its franchisees' point of sale and fountain beverage systems.[1]

Despite the ***unambiguous*** relief sought, Plaintiffs now seek to disregard the plain language of their Complaint and to remand this case on the basis of post-removal events. Plaintiffs contend that because the Cook County sweetened beverage tax was repealed (to be effective in December 2017), DAI's basis for removal is "nullified." In other words, Plaintiffs contend that because removal was (properly) predicated on injunctive relief, and there is now no need for injunctive

---

[1] Pending before this Court is DAI's motion to dismiss for lack of personal jurisdiction, which is presently being briefed. Through this motion, DAI challenges Plaintiffs' tactics in bringing an out-of-state franchisor into this Court that had no involvement whatsoever in the imposition of the underlying tax without any factual basis whatsoever for doing so. (*See* DE 5, 6.)

relief, this case should be remanded. However, the law is clear that post-removal events reducing the amount in controversy do not impact a proper removal in any way. *See, e.g.*, *St. Paul*, 303 U.S. at 293; *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 538 (7th Cir. 2006) ("[Post-removal] developments do not affect jurisdiction, which depends on the amount that was in controversy **when the federal suit began**.") (emphasis added).

Plaintiffs' motion to remand is frivolous.[2] Plaintiffs admit removal was proper at the outset; the inquiry ends there. What is more, Plaintiffs have failed to even amend their Complaint, and thus **still seek** the very injunctive relief that formed the basis of removal. While the repeal of the sweetened beverage tax further highlights the opportunistic nature of this case, it does not impact removal. This Court should deny Plaintiffs' motion to remand and issue sanctions through its inherent authority in the amount of fees expended by DAI in responding to the instant motion.

## BACKGROUND

**I. DAI REMOVES THIS CASE ON THE BASIS OF PLAINTIFFS' REQUESTED INJUNCTIVE RELIEF.**

On September 22, 2017, DAI removed this action to this Court on the basis of the injunctive relief sought by Plaintiffs through their Complaint. (*See* DE 1.) Specifically, Plaintiffs' sought through their Complaint:

> [A]n injunction requiring Defendant to change the Subway stores' POS systems to properly assess the sweetened beverage tax.

(*See* DE 1-1 at 9.)

Plaintiffs' Complaint on its face (as well as the removal petition and 12(b)(2) motion) established that this injunctive relief would be incredibly expensive to implement. As a

---

[2] All the more frivolous is Plaintiffs' "shock" that this case was removed "[d]espite the relatively small damages . . . ." (DE 15 at 2.) Truly surprising is Plaintiffs' counsel's desire to litigate over $.21 on a class basis, knowing it will cost twice as much simply to mail class "relief."

2

preliminary matter, "DAI *does not* control its franchisees' point-of-sale systems or their compliance with local taxes," and therefore the injunctive relief sought would naturally require DAI to undertake significant new obligations. (*See* DE 1 ¶ 20.) Furthermore, Plaintiffs' Complaint challenges not simply the POS system used in Subway locations, but the imposition of the sweetened beverage tax at the point of sale of the self-service fountain cup, rather than after the consumer selects his or her beverage. (*See id*. ¶ 19.)

Accordingly, in order to comply with the injunctive relief sought by Plaintiffs, DAI would have to undertake two steps. First:

> DAI would have to provide significant programming and/or training guidance to franchisees at each of the more-than-400 Subway locations in Cook County such that they can modify their respective point-of-sale systems, understand the details of the tax, and train their employees to ensure consumers are properly charged.

(*See id* ¶ 21.) And second:

> DAI would have to assist franchisees in developing, testing and implementing physical modifications to each store in Cook County to relocate the self-serve beverage station and iced tea carafes such that consumers could no longer serve themselves.

(*See id*. ¶ 22.)

DAI supported removal of this action through the Declaration of Steven J. Lawrence. (*See* DE 1-3.) DAI estimated, and substantiated that estimate with a declaration from its Point of Sale Program Manager, that it would cost over $100,000 to comply with the first step and over $5,000,000 to comply with the second step, both of which would be required to implement Plaintiffs' sought injunctive relief. (*See id.* ¶¶ 12, 14; *see also* DE 1 ¶ 23.) DAI thus removed this action both on the basis of traditional diversity jurisdiction and CAFA jurisdiction. (*See* DE 1.)

## II. PLAINTIFFS SEEK REMAND FOLLOWING THE REPEAL OF THE SWEETENED BEVERAGE TAX.

On October 11, 2017, Cook County repealed the much-maligned sweetened beverage tax. The repeal, however, is not in effect immediately; rather, the repeal goes into effect beginning December 1, 2017. The tax remains in effect until then. (*See* DE 15 at 4.)

On October 23, 2017—the final day on which Plaintiffs could seek remand—Plaintiffs filed the instant motion to remand this case. By their motion, Plaintiffs ***do not*** challenge DAI's basis for removal (nor could it). In other words, Plaintiffs do not seek remand on the bases that (i) injunctive relief is not properly included in the amount in controversy or (ii) that DAI's estimated costs for complying with Plaintiffs' injunctive relief were inaccurate or insufficient. Rather, Plaintiffs seek remand on one limited basis:

> [A]fter Defendant filed its Notice of Removal, Cook County passed an ordinance *repealing* the sweetened beverage tax. As such, Plaintiffs cannot seek an injunction requiring Defendant to comply with a law that is no longer in effect. . . . This change in Illinois law has nullified Defendant's sole basis for removal . . . and the Court should remand this case back to the Circuit Court of Cook County.

(DE 15 at 2.) Plaintiffs' sole basis for remand is that the amount in controversy can no longer be met as a result of the sweetened beverage tax repeal.

## ARGUMENT

### I. THIS ACTION WAS PROPERLY REMOVED.

There is no question that removal was proper at the outset. The Seventh Circuit has long considered the amount in controversy to be "the amount from either party's perspective; thus, the cost to the defendant of complying with an injunction counts toward the jurisdictional minimum." *Synfuel Techs., Inc. v. DHL Express (USA), Inc.*, 463 F.3d 646, 652 (7th Cir. 2006) (internal quotations & citation omitted); *Uhl v. Thoroughbred Tech. & Tele., Inc.*, 309 F.3d 978, 983 (7th

4

Cir. 2002) ("[T]the cost to a defendant of complying with an injunction sought by the plaintiff may properly be considered in determining the amount in controversy.").

Indeed, Plaintiffs do not challenge that the jurisdictional amount—$75,000 for traditional diversity and $5,000,000 for CAFA jurisdiction—are met here. *See, e.g.*, *Avila v. CitiMortgage, Inc.*, 801 F.3d 777, 781 n.3 (7th Cir. 2015) (recognizing that the district court had jurisdiction over a plaintiff's claims under both § 1332(a) & § 1332(d)). Plaintiffs in fact concede that, but for the purported change in law, removal is entirely proper. (*See* DE 15 at 4.)[3]

## II. POST-REMOVAL CHANGES IN *THE AMOUNT IN CONTROVERSY* DO NOT IMPACT REMOVAL.

Plaintiffs' sole basis for remand is that the Cook County sweetened beverage tax was repealed on October 11, 2017, and thus this change in law "*nullified* the injunctive relief sought by Plaintiffs." (DE 15 at 4.) This purported basis for removal contravenes decades-old Supreme Court and Seventh Circuit case law, and fails for two reasons.

First, it is axiomatic that post-removal events that "reduce the amount recoverable, whether beyond the plaintiff's control or the result of his volition, do not oust the district court's jurisdiction once it has attached." *St. Paul*, 303 U.S. at 293; *see also Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 816 (7th Cir. 2006) (holding that post-removal changes in the amount in controversy, "even an irrevocable promise not to accept more than the jurisdictional minimum," do not deprive the Court of diversity jurisdiction); *Chase v. Shop N Save Warehouse Foods, Inc.*, 110 F.3d 424, 429 (7th Cir. 1997) ("[T]he stipulation came one month post-removal, too late for the court to consider."). Indeed, in *Meridian v. Sadows,* the Seventh Circuit evaluated whether post-removal

---

[3] Because this "amount in controversy" challenge was the only basis for Plaintiffs' motion, any other challenges to removal, having not been made within 30 days of removal, are waived. *See* 28 U.S.C. § 1447(c).

events that made it a *certainty* that the amount in controversy would be less than $25,000 affected removal, and held it did not. *See* 441 F.3d at 538 ("[T]hese developments do not affect jurisdiction, which depends on the amount that was in controversy when the federal suit began.").

Notably, Plaintiff's position would, in effect, mean that this Court would immediately lose jurisdiction in all diversity suits upon finding that a plaintiff was entitled to less than $75,000 in (or no) relief. To that end, no defendant could ever win on the merits in a diversity case in federal court because by virtue of winning (unless winning more than $75,000 worth of relief) the court would immediately lose jurisdiction to enter a judgment. *See, e.g.*, *Lewert v. P.F. Chang's China Bistro*, 819 F.3d 963, 969 (7th Cir. 2016) (noting dismissal for lack of subject matter jurisdiction is a dismissal without prejudice). Such a position strains common sense, to put it mildly.

Plaintiffs' contention that courts may, "in [their] discretion, remand a case to state court due to a change in circumstances" is wildly inaccurate and intentionally misleading. (DE 15 at 5.) The central case on which Plaintiffs rely stands for the proposition that adding a non-diverse party and thus destroying diversity can—if permitted by the court—result in remand. *See, e.g.*, *Newman v. Prudential Ins. Co. of Am.*, No. 09 C 2908, 2009 WL 2475112, at *4 (N.D. Ill. Aug. 11, 2009) (permitting plaintiff to add non-diverse party and remanding complaint). Of course, this outcome is rooted in law—28 U.S.C. § 1447(e)—which permits district courts the discretion to allow the joinder of non-diverse parties.

Secondarily, Plaintiff relies on a Western District of Wisconsin case—*Irish v. Burlington Northern*—for the proposition that the elimination of class action allegations deprives a court of CAFA jurisdiction. *See* 632 F. Supp. 2d 871, 875 (W.D. Wisc. 2009). This issue is not before the Court (Plaintiffs are still proceeding with a putative class action, despite that it plainly makes no sense to do so). In any event, the Seventh Circuit subsequently made clear that the post-removal

changes rule likewise applies to CAFA. *See Cunningham Charter Corp. v. Learjet, Inc.*, 592 F.3d 805, 807 (7th Cir. 2010) ("Our conclusion vindicates the general principle that jurisdiction once properly invoked is not lost by developments after a suit is filed . . . .").

Plaintiffs cite not one single case for the proposition that post-removal changes in the amount in controversy deprive district courts of diversity jurisdiction. This is not surprising as no such case exists. The Supreme Court and Seventh Circuit are crystal clear on this issue.

<u>Second</u>, and further adding to the frivolity of their motion, Plaintiffs do not even bother to amend their own Complaint. In other words, while the ordinance at issue may have been repealed, Plaintiffs are ***still seeking*** the very injunctive relief at the heart of DAI's removal. (*See* DE 15 ("Plaintiff [*sic*] has not sought to change a single allegation in the Complaint . . . .").) Indeed, the repeal itself does not even become effective until **December 1, 2017**, which is likely why Plaintiffs have not yet disclaimed the injunctive relief in their Complaint. (*See id.* at 4.) Plaintiffs' position that a change in law makes their sought-after injunctive relief impossible to obtain is, of course, greatly belied by the fact that they are still seeking this relief.

### III. THIS COURT SHOULD UTILIZE ITS INHERENT AUTHORITY AND ISSUE SANCTIONS FOR A PLAINLY FRIVOLOUS FILING.

The Seventh Circuit has long held that "federal courts have the inherent power to impose a wide range of sanctions upon parties for abusive litigation." *Grochocinski v. Mayer Brown Rowe & Maw, LLP*, 719 F.3d 785, 799 (7th Cir. 2013); *Boyer v. BNSF Ry. Co.*, 832 F.3d 699, 701–02 (7th Cir. 2016) ("[I]t is not beyond our inherent authority to sanction him for willfully abusing the judicial process and/or pursuing a bad-faith litigation strategy by initiating this litigation in a patently inappropriate forum."); *Tucker v. Williams*, 682 F.3d 654, 661–62 (7th Cir. 2012) ("Sanctions imposed pursuant to the district court's inherent power are appropriate where a party has willfully abused the judicial process or otherwise conducted litigation in bad faith.").

Plaintiffs do not advocate a change in the law, nor do they advocate that the current state of the law is ambiguous. Rather, Plaintiffs' simply decline to cite to (or acknowledge) an unbroken chain of controlling Supreme Court and Seventh Circuit law that post-removal changes in the amount in controversy ***do not*** impact a properly removed case. There is no good faith explanation for Plaintiffs' motion to remand, let alone their failure to acknowledge controlling law. Moreover, Plaintiffs' contention that "a district court may, in its discretion" remand a case in this instance is not only plainly false, but is unsupported by any relevant authority from this or any other jurisdiction. *See, e.g.*, *Prenda Law Inc. v. Godfread*, No. 13-CV-4341, 2015 WL 328841, at *1 (N.D. Ill. Jan. 22, 2015) (imposing sanctions for filing a frivolous motion to remand pursuant to, among other things, the Court's inherent authority to sanction); *Anderson v. CitiMortgage, Inc.*, 519 F. App'x 415, 418 (8th Cir. 2013) (affirming finding that motion to remand was made in bad faith and subject to sanctions under the court's inherent authority, and directing district court to "make specific findings" on the fees and costs incurred in responding to the motion); *cf. Hall v. Great-W. Healthcare*, No. 1:05-cv-2673, 2006 WL 211716, at *2 (N.D. Ga. Ja. 26, 2006) (awarding sanctions pursuant to 28 U.S.C. § 1927 when plaintiff's motion to remand was "entirely without support or foundation."). This Court should thus award sanctions in the amount of fees expended in responding to Plaintiffs' motion to remand.

## CONCLUSION

For the foregoing reasons, DAI respectfully requests this Honorable Court to (i) deny Plaintiffs' Motion to Remand; (ii) award sanctions in the amount of fees expended in responding to Plaintiffs' motion; and (iii) award all other relief deemed equitable and just.

DATED: October 24, 2017                    **BENESCH, FRIEDLANDER,**
                                           **COPLAN & ARONOFF LLP**


                                           By: /s/ David S. Almeida

                                           David S. Almeida, Esq.
                                           dalmeida@beneschlaw.com
                                           Courtney C. Booth, Esq.
                                           cbooth@beneschlaw.com
                                           Mark S. Eisen, Esq.
                                           meisen@beneschlaw.com
                                           **BENESCH, FRIEDLANDER,**
                                           **COPLAN & ARONOFF LLP**
                                           333 West Wacker Drive, Suite 1900
                                           Chicago, Illinois 60606
                                           Telephone: (312) 212-4949
                                           Facsimile: (312) 767-9192

                                           *Counsel for Doctor's Associates, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing **DOCTOR'S ASSOCIATES, INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO REMAND** was served upon all interested parties using this Court's ECF filing system this 24th day of October, 2017.

/s/ David S. Almeida